UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

CLYDE JAMERSON,

    Defendant.

Case No. 04-cr-40022-PJH-1
Case No. 15-cr-290-PJH-7

**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**

    Before the court is defendant Clyde Jamerson's request for appointment of counsel in the above-entitled cases, following sentencing and entry of judgment in both. He asserts that he is "filing a 2255 for ineffective counsel." However, he has not in fact filed a motion to vacate, set aside, or correct the sentence under 29 U.S.C. § 2255.

    There is no constitutional right to counsel in a collateral, post-conviction § 2255 proceeding. See U.S. v. Fabricant, 2016 WL 3390841 at *1 (9th Cir. June 20, 2016) (citing Sanchez v. U.S., 50 F.3d 1448, 1456 (9th Cir. 1995)). Under 18 U.S.C. § 3006A(2)(B), a § 2255 petitioner may be appointed CJA representation when the court "determines that the interest of justice so require." But in the absence of a § 2255 motion, the court would be unable to determine whether appointment of counsel is warranted, and defendant has not made any such showing.

    In addition, defendant has filed a notice of appeal in each of the two cases. Generally, "the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." Stein v. Wood, 127 F.3d 1187, 1189 (9th Cir.

1997). Thus, until the Ninth Circuit has taken some action with regard to defendant's appeals, this court lacks jurisdiction over any challenge to the sentencing and judgment in either case, and defendant cannot file a § 2255 motion until the appeals are exhausted.

In accordance with the foregoing, defendant's request for appointment of counsel is DENIED.

**IT IS SO ORDERED.**

Dated: October 17, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge