UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CLYDE JAMERSON,<br><br>    Defendant. | Case No. 04-CR-40022-PJH-1<br>Case No. 15-CR-290-PJH-7<br><br>**ORDER DISMISSING § 2255 MOTION AS PREMATURE; DENYING REQUEST FOR SENTENCING TRANSCRIPT** |

Before the court is defendant Clyde Jamerson's motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255. Doc. no. 341 in Case No. CR 15-290. He also requests a transcript of the sentencing hearing and a copy of the judgment entered in both cases.

As the court indicated in its October 17, 2016 order denying defendant's request for appointment of counsel in filing a § 2255 motion, defendant has filed a notice of appeal in each of the above-captioned cases. The court notes that he is represented by counsel on appeal. Defendant filed the instant motion to vacate, set aside or correct sentence while the direct appeal from his conviction is still pending, rendering the motion premature under 28 U.S.C. § 2255. *See Black v. United States*, 269 F.2d 38, 41 (9th Cir. 1959) (a § 2255 motion may not be heard while an appeal is pending). Accordingly, the § 2255 motion is DISMISSED AS PREMATURE.

Defendant also requests a copy of the sentencing transcript and judgment. No transcript of the sentencing proceedings has yet been filed with the court. To the extent that defendant requests a transcript in support of a § 2255 motion, a defendant

proceeding in forma pauperis is generally not entitled to copies of transcripts or other court records at government expense until he actually brings a post-conviction motion and the court has determined that the asserted claim "is not frivolous and that the transcript is needed to decide the issue presented by the suit[.]"  28 U.S.C. § 753(f).  See *United States v. MacCollom*, 426 U.S. 317, 320-21 (1976); *United States v. Soto-Valdez,* 2009 WL 1311954 at *6 (D. Ariz., May 12, 2009); *United States v. Lucatero*, 2007 WL 1747077 at *1 (E.D. Cal., June 18, 2007).  *See also United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990) (per curiam) (a prisoner proceeding in forma pauperis on a habeas corpus petition is not entitled to receive copies of court documents at government expense pursuant to 28 U.S.C. § 2250 until he files a habeas petition).  Because defendant's § 2255 motion is dismissed as premature, the request for transcript and judgment is DENIED as premature.  As defendant is represented on his appeals from the judgment and sentence entered in both cases, he is encouraged to consult with his appellate attorney about obtaining transcripts and other court records.

**IT IS SO ORDERED.**

Dated:  February 14, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge